**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq. (SBN 185123)
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY, Esq., (SBN 259230)
liane@kingsleykingsley.com
JESSICA BULAON, Esq. (SBN 340749)
jessi@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Tel: (818) 990-8300, Fax (818) 990-2903

Attorneys for Plaintiff and the Proposed Class

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE MARCY, an individual, on behalf of herself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>J. R. SIMPLOT COMPANY; and DOES 1 thru 50, inclusive,<br><br>DEFENDANTS. | CASE NO. 2:22-cv-00523-TLN-CKD<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. Failure to Provide Meal Breaks Pursuant to Labor Code §§ 226.7 and 512<br>2. Violation of Labor Code § 226(a)<br>3. Penalties Pursuant to Labor Code § 203<br>4. Violation of Business & Professions Code § 17200 |

Plaintiff DANIELLE MARCY, an individual, on behalf of herself, all others similarly situated, complains of Defendant J. R. SIMPLOT COMPANY ("Defendant") and each of them, as follows:

# I.

# INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of Plaintiff and a Proposed Class defined as:

> All persons who are employed or have been employed as an hourly employee by J. R. SIMPLOT COMPANY, in the State of California since four (4) years prior to the filing of this action to the present plus any additional time during which the statutes of limitation for the causes of action herein were tolled pursuant to Emergency Rule 9 of the California Rules of Court, the 'Emergency Rules Related to COVID-19'. ("Proposed Class")

2. Any limitations period referenced in this complaint is extended pursuant to Emergency Rule 9 (a) of the "Emergency Rules Related to COVID-19," Appendix I to the California Rules of Court, adopted effective April 6, 2020, which provides that the statutes of limitation that exceed 180 days for civil actions are tolled from April 6, 2020 until October 1, 2020 ["Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020 until October 1, 2020."] Any reference to the relevant time period or statute of limitations referenced in this complaint is extended into the past by the number of days in which this tolling was in effect.

3. From at least four (4) years prior to the filing of this action and continuing to the present, Defendant has violated Labor Code §§ 226.7 and 512 by failing to provide lawful meal periods within the first (5) hours of their shift. For each unlawful meal period, Defendant was required to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the first meal period was not provided within the first (5) hours of the shift, was not provided in full, or was not provided at all. In violation of *Ferra v. Loews Hollywood Hotel, LLC* and Labor Code §§ 226.7 and 512, Defendant also has had a consistent policy of failing to pay meal period premiums at the blended rate when meal period premiums are provided in violation of California law.

4.      For at least one (1) year prior to the filing of this action continuing to the present, Defendant has failed to comply with Labor Code § 226(a). Plaintiff and the Proposed Class are issued wage statements in violation of Labor Code §226(a)(2) and do not accurately show the number of total hours worked at each applicable hourly rate in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff and the Proposed Class in violation of Labor Code §226(a)(9), because Plaintiff and the Proposed Class are issued wage statements that do not include meal premiums as a result of the claims alleged above and when they do, they are not the accurate rate.

5.      For at least three (3) years prior to the filing of this action continuing to the present, Defendant has failed to pay all wages due at the time of termination or resignation to Plaintiff and the Proposed Class.

6.      Plaintiff, on behalf of herself and all Proposed Class Members brings this action pursuant to Labor Code §§ 201, 202, 203, 226(a), 226.7, and 512; Wage Order 4-2001; and California Code of Regulations, Title 8, Section 11040, seeking meal period penalties, accurate itemized wage statements, other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

7.      Plaintiff, on behalf of herself and all Proposed Class Members, pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

## II.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution and California Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

9.      This Court has personal jurisdiction over Defendant because Defendant has caused injuries in the County of San Joaquin and the State of California through their acts, and by their

violation of the California Labor Code, California state common law, and California Business & Professions Code § 17200, *et seq*.

10. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendant operates within California and does business within San Joaquin County. The unlawful acts alleged herein have a direct effect on Plaintiff and all Proposed Class Members within the State of California and the county of San Joaquin.

11. This case should be classified as complex according to Rule 3.400 of the California Rules of Court, and assigned to a complex litigation judge and department, as it will involve substantial documentary evidence, a large number of witnesses, and is likely to involve extensive motion practice raising difficult or novel issues that will be time-consuming to resolve and would require substantial post judgment judicial supervision.

## III.
## PARTIES

### A. PLAINTIFF

12. Plaintiff DANIELLE MARCY is a resident of California.

13. Plaintiff and all Proposed Class Members, were regularly required to:

    a. Work without being provided meal periods;

    b. Work without being provided itemized wage statements in writing that accurately report all hours worked and the corresponding rate of pay for all hours and include premiums as a result of the claims alleged above and when they do, they are not at the accurate rate.

14. Defendant willfully failed to compensate Plaintiff and all Proposed Class Members for wages at the termination of their employment with Defendant.

15. As a result of this conduct, Defendant has engaged in unfair competition and unlawful business practices.

### B. DEFENDANTS

16. Defendant J. R. SIMPLOT COMPANY is believed to be a Nevada corporation operating within the State of California. Defendant's corporate address is believed to be 1099 W.

Front Street, Boise, ID 83702.  Upon information and belief, Defendant employed Plaintiff and similarly situated persons as hourly employees within California.  Defendant has done and does business throughout the State of California.

17. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

18. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Proposed Class Members.

19. Furthermore, Defendants acted in all respects as the employers or joint employers of the Proposed Class. Defendants, and each of them, exercised control over the wages, hours or working conditions of the Proposed Class, or suffered or permitted the Proposed Class to work, or engaged, thereby creating a common law employment relationship, with the Proposed Class. Therefore, Defendants, and each of them, employed or jointly employed the Proposed Class.

## IV.

## FACTUAL BACKGROUND

20. Plaintiff and the Proposed Class are, and at all times pertinent hereto, have been classified as non-exempt employees by Defendant.  Defendant hires employees who work as hourly employees who are paid on an hourly basis.

21. Upon information and belief, Plaintiff and the Proposed Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 4-2001 (Title 8 Cal. Code of Regs. § 11040).

22. On a regular and consistent basis, Plaintiff and the Proposed Class have been forced by Defendant to work over five (5) hours in one day without being provided a compliant thirty (30) minute uninterrupted meal break due to heavy workloads.

23. On a regular and consistent basis, Plaintiff and the Proposed Class were subjected to late, missed, or short meal breaks due to heavy workloads and insufficient staffing and/or coverage.

24. Additionally, as a result of Defendant's failure to provide lawful meal periods, Plaintiff and all Proposed Class Members were not being compensated one (1) hour of pay at their regular rate of compensation, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders. Plaintiff and the Proposed Class were not compensated with one (1) hour of wages at the regular rate of compensation for each missed meal period as required in violation of *Ferra* and Labor Code §§ 226.7 and 512.

25. Upon review and inspection of Plaintiff's pay records, Defendant paid approximately twenty-six (26) meal premiums to Plaintiff as a result of its failure to provide lawful meal periods. These meal premiums were paid to Plaintiff in the following pay periods:

- 12/03/18-12/16/18
- 4/22/19-5/5/19
- 5/20/19-6/2/19
- 8/12/19-8/25/19
- 8/26/19-9/8/19
- 9/23/19-10/6/19
- 10/7/19-10/20/19
- 11/4/19-11/17/19
- 12/16/19-2/29/19
- 3/23/20-4/5/20
- 6/1/20-6/14/20
- 6/15/20-6/28/20
- 8/10/20-8/23/20
- 11/16/20-11/29/20
- 5/17/21-5/30/21

26. Thus, for each of the above-listed pay periods, Plaintiff suffered the underlying violation of not being provided a lawful meal period in violation of Labor Code §§ 226.7 and 512.

27. In the above-listed pay periods, each and every meal premium was paid at

Plaintiff's straight hourly rate.

28. Defendant also paid nondiscretionary bonuses to Plaintiff and the Proposed Class.

29. Upon review and inspection of Plaintiff's pay records, Defendant paid Plaintiff mutliple nondiscretionary bonuses.

30. Upon review and inspection of Plaintiff's pay records, Defendant paid Plaintiff both a nondiscretionary bonus and a meal premium in the same period on at least two occasions.

31. In the pay period beginning on 12/3/2018 and ending on 12/16/2018, Plaintiff's hourly rate was $20.97 per hour. In this pay period, Defendant paid Plaintiff a nondiscretionary bonus titled "Safety Award" of $159.36. In the same pay period, Defendant also paid Plaintiff a meal premium at the rate of $20.97. Thus, Defendant paid the meal premium to Plaintiff at her straight hourly rate and not at the proper blended rate.

32. In the pay period beginning on 6/15/2020 and ending on 6/28/2020, Plaintiff's hourly rate was $27.10 per hour. In this pay period, Defendant paid Plaintiff a nondiscretionary bonus titled "Safety Award" of $491.81. In the same pay period, Defendant also paid Plaintiff a meal premium at the rate of $27.10. Thus, Defendant paid the meal premium to Plaintiff at her straight hourly rate and not at the proper blended rate.

33. Therefore, where Plaintiff and the Proposed Class earned a nondiscretionary bonus in the same pay period in which a meal premium was owed, Defendant only paid meal premiums at the employee's straight hourly rate. However, pursuant to California law, Defendant was required to blend nondiscretionary bonuses to calculate the employee's regular rate as required by *Ferra* and Labor Code §§ 226.7 and 512.

34. Based on information and belief, members of the Proposed Class were also routinely suffered meal violations and when this occurred, they were paid meal period premiums.

35. Based on Information and belief, members of the Proposed Class were also paid non-discretionary bonuses.

36. Based on information and belief, members of the Proposed Class suffered a meal period violation, were paid a meal premium, and earned a nondiscretionary bonus in the same period.

37. Based on information and belief, when these three events occurred, Defendant failed to blend these nondiscretionary bonuses into the regular rate of pay for the purpose of paying the meal premium.

38. Thus, Defendant has a consistent policy or practice of failing to pay Plaintiff and all Proposed Class Members at the proper, blended rate as required by *Ferra* and Labor Code §§ 226.7 and 512. Defendant failed to blend nondiscretionary bonuses to calculate its employee's regular rate and instead paid out meal premium's at an employee's straight hourly rate.

39. Defendant's willful actions resulted in the systemic underpayment of meal premiums to Plaintiff and the Proposed Class throughout the relevant time period.

40. Based on information and belief, Defendant approved this policy internally and/or with third parties to pay meal premiums at an employee's straight hourly rate and not an employee's regular rate. This was programed into its payroll systems.

41. Defendant's willful decision to pay meal premiums at an employee's straight hourly rate resulted in underpayments of meal premiums to Plaintiff and the Proposed Class throughout the relevant time period.

42. As a result of Defendant's unlawful policies and practices, Plaintiff and the Proposed Class were underpaid in meal premiums in pay periods where they were also paid a nondiscretionary bonus because all meal premiums were automatically paid at the improper rate.

43. For at least one (1) year prior to the filing of this action continuing to the present, Defendant has failed to comply with Labor Code § 226(a). Plaintiff and the Proposed Class are issued wage statements in violation of Labor Code §226(a)(2) and do not accurately show the number of total hours worked at each applicable hourly rate in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff and the Proposed Class in violation of Labor Code §226(a)(9), because Plaintiff and the Proposed Class are issued wage statements that do not include accurate meal period premiums as a result of the claims alleged above.

44. Defendant willfully failed to pay wages and compensation, when Plaintiff and all Proposed Class Members quit or were discharged. This failure was willful, without legal

justification, and interfered with Plaintiff's and Class Members' rights.

## V.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of herself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure. Plaintiff seeks to represent a proposed class composed of and defined as follows:

> All persons who are employed or have been employed as an hourly employee by J. R. SIMPLOT COMPANY, in the State of California since four (4) years prior to the filing of this action to the present plus any additional time during which the statutes of limitation for the causes of action herein were tolled pursuant to Emergency Rule 9 of the California Rules of Court, the 'Emergency Rules Related to COVID-19'. ("Proposed Class")

46. Plaintiff reserves the right under Rule 3.765(b) of the California Rules of Court to amend or modify the class description with greater specificity, by division into subclasses, or by limitation to particular issues.

47. This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the Proposed Classes are easily ascertainable.

### A. NUMEROSITY

48. The potential members of the Proposed Class as defined are so numerous that joinder of all the members of the Proposed Class is impracticable. While the precise number of proposed Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant currently employ, and during the relevant time periods employed over 50 members of the Proposed Class.

49. Plaintiff alleges that Defendant's employment records would provide information as to the number and location of all Proposed Class Members. Joinder of all members of the Proposed Class is not practicable.

### B. COMMONALITY

50. There are questions of law and fact common to the Proposed Class that predominate

over any questions affecting only individual Proposed Class Members. These common questions of law and fact include, without limitation:

    a.    Whether Defendant violated Labor Code §§ 226.7 and 512 and IWC Wage Order 4-2001 or other applicable IWC Wage Orders by failing to provide uninterrupted, 30-minute meal periods within the first five (5) hours of work;

    b.    Whether Defendant violated Labor Code §§ 226.7 and 512 and IWC Wage Order 4-2001 or other applicable IWC Wage Orders by failing compensate said employees one (1) hour of wages at their regular rate of compensation in lieu of meal periods;

    c.    Whether Defendant violated Labor Code § 226(a) by failing to provide accurate itemized wage statements that accurately report the total hours worked and the applicable rates for all hours worked and the corresponding number of hours worked at each hourly rate by the employee and premiums;

    d.    Whether Defendant violated §§ 201-203 of the Labor Code by failing to pay compensation due and owing at the time that any Proposed Class Member's employment with Defendant terminated;

    e.    Whether Defendant violated § 17200, *et seq*. of the Business & Professions Code by engaging in the acts previously alleged; and

    f.    Whether Plaintiff and the members of the Proposed Class are entitled to equitable relief pursuant to Business & Professions Code § 17200, *et seq*.

    **C.**    **TYPICALITY**

51.    The claims of Plaintiff are typical of the claims of the Proposed Class. Plaintiff and all members of the Proposed Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

    **D.**    **ADEQUACY OF REPRESENTATION**

52.    Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel who represent Plaintiff and the Proposed Class are competent and experienced in litigating large employment class actions.

### E. SUPERIORITY OF CLASS ACTION

53. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Proposed Class Members is not practicable, and questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class. Each member of the Proposed Class has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to provide meal periods, failing to provide accurate itemized wage statements, and failing to pay all wages upon resignation or termination.

54. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.

## FIRST CAUSE OF ACTION

## PLAINTIFF ON BEHALF OF HERSELF AND THE PROPOSED CLASS

## FAILURE TO PROVIDE MEAL PERIODS PURSUANT TO

## LABOR CODE § 226.7 AND LABOR CODE § 512

55. Plaintiff, on behalf of herself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

56. Labor Code §§ 226.7 and 512 require an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a first meal period of at least thirty (30) minutes for shifts over five (5) hours, to be provided within the first five (5) hours of the shift.

57. On a regular and consistent basis, Plaintiff and the Proposed Class have been forced by Defendant to work over five (5) hours in one day without being provided a compliant thirty (30) minute uninterrupted meal break due to heavy workloads.

58. On a regular and consistent basis, Plaintiff and the Proposed Class were subjected

to late, missed, or short meal breaks due to heavy workloads and insufficient staffing and/or coverage.

59. Additionally, as a result of Defendant's failure to provide lawful meal periods, Plaintiff and all Proposed Class Members were not being compensated one (1) hour of pay at their regular rate of compensation, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders. Plaintiff and the Proposed Class were not compensated with one (1) hour of wages at the regular rate of compensation for each missed meal period as required in violation of *Ferra* and Labor Code §§ 226.7 and 512.

60. Upon review and inspection of Plaintiff's pay records, Defendant paid approximately twenty-six (26) meal premiums to Plaintiff as a result of its failure to provide lawful meal periods. These meal premiums were paid to Plaintiff in the following pay periods:

- 12/3/18-12/16/18
- 4/22/19-5/5/19
- 5/20/19-6/2/19
- 8/12/19-8/25/19
- 8/26/19-9/8/19
- 9/23/19-10/6/19
- 10/7/19-10/20/19
- 11/4/19-11/17/19
- 12/16/19-2/29/19
- 3/23/20-4/5/20
- 6/1/20-6/14/20
- 6/15/20-6/28/20
- 8/10/20-8/23/20
- 11/16/20-11/29/20
- 5/17/21-5/30/21

61. Thus, for each of the above-listed pay periods, Plaintiff suffered the underlying violation of not being provided a lawful meal period in violation of Labor Code §§ 226.7 and 512.

62. In the above-listed pay periods, each and every meal premium was paid at Plaintiff's straight hourly rate.

63. Defendant also paid nondiscretionary bonuses to Plaintiff and the Proposed Class.

64. Upon review and inspection of Plaintiff's pay records, Defendant paid Plaintiff multiple nondiscretionary bonuses.

65. Upon review and inspection of Plaintiff's pay records, Defendant paid Plaintiff both a nondiscretionary bonus and a meal premium in the same period on at least two occasions.

66. In the pay period beginning on 12/3/2018 and ending on 12/16/2018, Plaintiff's hourly rate was $20.97 per hour. In this pay period, Defendant paid Plaintiff a nondiscretionary bonus titled "Safety Award" of $159.36. In the same pay period, Defendant also paid Plaintiff a meal premium at the rate of $20.97. Thus, Defendant paid the meal premium to Plaintiff at her straight hourly rate and not at the proper blended rate.

67. In the pay period beginning on 6/15/2020 and ending on 6/28/2020, Plaintiff's hourly rate was $27.10 per hour. In this pay period, Defendant paid Plaintiff a nondiscretionary bonus titled "Safety Award" of $491.81. In the same pay period, Defendant also paid Plaintiff a meal premium at the rate of $27.10. Thus, Defendant paid the meal premium to Plaintiff at her straight hourly rate and not at the proper blended rate.

68. Therefore, where Plaintiff and the Proposed Class earned a nondiscretionary bonus in the same pay period in which a meal premium was owed, Defendant only paid meal premiums at the employee's straight hourly rate. However, pursuant to California law, Defendant was required to blend nondiscretionary bonuses to calculate the employee's regular rate as required by *Ferra* and Labor Code §§ 226.7 and 512.

69. Thus, Defendant has a consistent policy or practice of failing to pay Plaintiff and all Proposed Class Members at the proper, blended rate as required by *Ferra* and Labor Code §§ 226.7 and 512. Defendant failed to blend nondiscretionary bonuses to calculate its employee's regular rate and instead paid out meal premium's at an employee's straight hourly rate.

70. Based on information an belief, Defendant had a policy of not blending nondiscretionary bonuses into the regular rate of pay when it paid meal premiums, and this policy applied to Plaintiff and the Proposed Class.

71. Defendant's willful actions resulted in the systemic underpayment of meal premiums to Plaintiff and the Proposed Class throughout the relevant time period.

72. Based on information and belief, Defendant approved this policy internally and/or with third parties to pay meal premiums at an employee's straight hourly rate and not an

employee's regular rate. This was programed into its payroll systems.

73. Defendant's willful decision to pay meal premiums at an employee's straight hourly rate resulted in underpayments of meal premiums to Plaintiff and the Proposed Class throughout the relevant time period.

74. As a result of Defendant's unlawful policies and practices, Plaintiff and the Proposed Class were underpaid in meal premiums in pay periods where they were also paid a nondiscretionary bonus because all meal premiums were automatically paid at the improper rate.

75. Defendant had a consistent policy of failing to pay Plaintiff and the Proposed Class one (1) hour of pay at the employees' regular rate of compensation for each workday that the first meal period was not provided in full or within the first (5) hours of the shift. As explained above, in *Ferra*, the California Supreme Court set forth the formula for calculating the one extra hour of premium pay that employees are owed if an employer fails to provide a compliant meal period or rest break. Specifically, the Court held that those premium payments must include the hourly value of any nondiscretionary earnings (such as a nondiscretionary bonuses), and cannot simply be paid at an employee's base hourly rate. Here, when meal period premiums are provided, Defendant has had a consistent policy of paying meal period premiums at the base rate and not the appropriate blended rate in violation of Labor Code §§ 226.7 and 512.

76. Pursuant to Labor Code § 226.7, Plaintiff and the Proposed Class are entitled to damages in an amount equal to one (1) hour of wages at the regular rate of compensation per missed meal break, per day in a sum to be proven at trial.

## VII.

## SECOND CAUSE OF ACTION

## PLAINTIFF ON BEHALF OF HERSELF AND THE PROPOSED CLASS

## VIOLATION OF LABOR CODE § 226(A)

77. Plaintiff, on behalf of herself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

78. Labor Code §226(a) requires employers to furnish accurate itemized wage statements in writing that show total hours worked by the employee and all applicable hourly rates

in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. (Labor Code §§ 226(a)(2) and (9) respectively.)

79. Plaintiff and the Proposed Class are issued wage statements that do not include accurate meal premiums as a result of the claims alleged above.

80. Defendant's failure to provide accurate itemized wages statements according to Labor Code § 226(a) was all done on a regular and consistent basis.

81. An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

## VIII.

## THIRD CAUSE OF ACTION

## PLAINTIFF ON BEHALF OF HERSELF AND THE PROPOSED CLASS

## WAITING TIME PENALTIES UNDER LABOR CODE § 203

82. Plaintiff, on behalf of herself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

83. Numerous members of the Proposed Class including the Plaintiff are no longer employed by Defendant. They were either fired or quit Defendant's employ.

84. Defendant's failure to pay wages, as alleged above was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiff and the Proposed Class to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

85. Defendant has failed to pay Plaintiff and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code § 203, Plaintiff and the Proposed Class are entitled to a penalty in the amount of Plaintiff's and the Proposed Class

Members' daily wage multiplied by thirty (30) days.

## IX.

## FOURTH CAUSE OF ACTION

## PLAINTIFF ON BEHALF OF HERSELF AND THE PROPOSED CLASS

## UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE § 17200

86. Plaintiff, on behalf of herself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

87. This is a Class Action for Unfair Business Practices. Plaintiff, on behalf of herself, on behalf of the general public, and on behalf of the Proposed Class, bring this claim pursuant to Business & Professions Code § 17200, *et seq*. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the Proposed Class. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

88. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

89. Business & Profession Code § 17200, *et seq*. prohibits unlawful and unfair business practices.

90. California's wage and hour laws express fundamental public policies. Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

91. Defendant has violated statutes and public policies as alleged herein. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair

business practices in violation of Business & Profession Code § 17200, *et seq.*, depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

92. Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200, *et seq.* of the Business & Professions Code.

93. Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful. As such it is a violation of § 17200, *et seq.* of the Business & Professions Code.

94. As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

95. Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiff and members of the proposed Class the money Defendant has unlawfully failed to pay.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for the following relief:

1. For compensatory damages in the amount of Plaintiff's and each Proposed Class Members' hourly wage for each meal period missed or taken late from at least four (4) years prior to the filing of this action to the present as may be proven;

2. For penalties pursuant to Labor Code § 226(e) for violation of Labor Code § 226(a) in the amount of fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000);

3. For penalties pursuant to Labor Code § 203 for all employees who were terminated or resigned equal to their daily wage times thirty (30) days;

4. An award of prejudgment and post judgment interest;

5. An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing Plaintiff with proper meal periods, accurate itemized wage statements, and wages upon termination/resignation pursuant to Labor Code §§ 201, 202, 203, 226(a), 226.7, 512, and IWC 4-2001;

6. For restitution for unfair competition pursuant to Business & Professions Code § 17200, e*t seq*., including disgorgement or profits, in an amount as may be proven;

7. An award providing for payment of costs of suit;

8. An award of attorneys' fees; and

9. Such other and further relief as this Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury to the extent authorized by law.

DATED: April 21, 2023         KINGSLEY & KINGSLEY, APC

By: _____
Liane Katzenstein Ly
Attorneys for Plaintiff Danielle Marcy and the Proposed Class